UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TUMIKA COMPTON**,

      Plaintiff,

v.

Case No. 22 -cv-00928
Hon.
Mag.

**STILES MACHINERY, INC.,**

      Defendant.

---

CAITLIN E. MALHIOT (P76606)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
cait@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## COMPLAINT AND JURY DEMAND

Plaintiff, Tumika Compton, through her attorneys, Mark Law, PLLC, for her Complaint herein states:

1

## PARTIES, JURISDICTION AND VENUE

1. This action arises under 42 USC 12101, et seq., and jurisdiction of this Court is invoked pursuant to 28 USC 1331.

2. The events giving rise to this Complaint occurred within this judicial district and venue is proper under 28 USC 1391(b)(2).

## FACTUAL ALLEGATIONS

3. Plaintiff, Tumika Compton, is an African American female who resides in Wayland, Michigan.

4. Defendant Stiles Machinery, Inc. is a domestic profit corporation conducting business in Grand Rapids, Michigan.

5. This Court has subject matter jurisdiction because the amount in controversy exceeds this Court's jurisdictional limits exclusive of interest, costs, fees, and reasonable attorney's fees and by statute has subject matter jurisdiction because a plaintiff may bring an action for violation of the Elliot-Larsen Civil Rights Act (ELCRA) in circuit court. MCL 37.2801(2); MCL 600.8301(1).

6. Plaintiff began her employment with Defendant Stiles Machinery, Inc. in March of 2018 as a Strategy Purchaser.

7. Plaintiff performed her job without issue and she was an exemplary employee who received positive feedback.

8. At all times relevant hereto, Plaintiff was able to perform the essential duties of her job

9. In late 2018, Plaintiff felt she was receiving unfair treatment and was being retaliated against and being asked to perform duties others in her position were not asked to do.

10. Plaintiff endured harassment and race and gender discrimination during her employment with Stiles Machinery, Inc.

11. Plaintiff was subjected to additional rules, restrictions, and scrutiny to which her non-African American coworkers were not subjected.

12. Plaintiff's supervisor made multiple derogatory comments about Plaintiff's race, including saying that "you people" are always argumentative, that when he was in a predominantly African American establishment he was concerned about an African American robbing him, and that he believes in negative stereotypes about African Americans.

13. Plaintiff complained, on more than one occasion, that she was being harassed and discriminated against on the basis of race and sex.

14. After complaining of race and sex discrimination and harassment, Plaintiff was subjected to retaliation, including additional scrutiny.

15. Plaintiff was placed on a Performance Improvement Plan in retaliation for having complained about sex and race discrimination and harassment.

16. On March 2, 2021, Defendant terminated Plaintiff's employment.

17. Defendant terminated Plaintiff's employment in retaliation for her complaints of race and sex discrimination and harassment.

18. As a result of Defendants' actions Plaintiff has suffered and will continue to suffer damages, including but not limited to the following:

a. Stress;

b. Humiliation;

c. Embarrassment;

d. Outrage;

e. Mental anguish;

f. Fear and mortification;

g. Emotional damages;

h. Economic damages;

i. Constructive discharge

j. Exemplary damages

k. Non-economic damages;

l. Attorney fees and costs;

m. Other damages to be discovered through the course of litigation

4

19. Plaintiff filed charges with the Equal Employment Opportunity Commission against Defendant.

20. The Equal Employment Opportunity Commission completed its investigation and issued Plaintiff a Right to Sue letter on August 23, 2022. ***See Exhibit 1.***

## COUNT I
## VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(Disparate Treatment)*

21. Plaintiff Compton incorporates by reference the preceding paragraphs as if set forth fully here.

22. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq*.

23. Defendant is vicariously liable for the violation of Plaintiff's rights under the Michigan Elliott-Larsen Civil Rights Act by its employees and agents under the doctrine of *respondeat superior*.

24. As an African American female, Compton belongs to a protected group or class.

25. Plaintiff's race and sex were factors that made a difference in Defendant's treatment of Plaintiff.

26. Defendant, through their agents, representatives, and employees, were

predisposed to discriminate on the basis of sex, and/or race and/or color and acted in accordance with that predisposition.

27. Defendant, through their agents, representatives, and employees, treated Plaintiff differently from similarly situated employees in the terms and conditions of employment, based on the unlawful considerations of sex, and/or race, and/or color.

28. Defendant's actions were willful, intentional, and/or made in reckless disregard of Plaintiff's rights and sensibilities.

29. As a result of said disregard of Plaintiff's rights and sensibilities, Plaintiff was constructively discharged

*30.* As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT II
## VIOLATION OF MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT
*(Hostile Work Environment)*

31. Plaintiff Compton incorporates by reference the preceding paragraphs as if set forth fully here.

32. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101, et seq.

6

33. Defendant is vicariously liable for the violation of Plaintiff's Michigan Elliott-Larsen Civil Rights Act by its employees and agents under the doctrine of *respondeat superior*.

34. Plaintiff was subjected to unwelcomed conduct due to her sex, race, and/or color.

35. The unwelcomed conduct complained of was based on Plaintiff's sex, race and/or color.

36. The unwelcomed conduct affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with Plaintiff's work performance and/or creating an intimidating, hostile or offensive work environment.

37. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained and continues to sustain injuries and damages.

## COUNT III
## VIOLATION OF MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT
### *(Retaliation)*

38. Plaintiff Compton incorporates by reference the preceding paragraphs as if set forth fully here.

39. Defendant retaliated against Plaintiff for having engaged in protected activity, including making complaints of discrimination and harassment on the basis of race and sex.

40. Defendant subjected Plaintiff to further scrutiny, disparate treatment, and harassment in retaliation for Plaintiff having engaged in protected activity.

41. Defendant terminated Plaintiff's employment in retaliation for Plaintiff having engaged in protected activity.

42. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

43. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages and injuries.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF !(^$
*(Disparate Treatment)*

44. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

45. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the definitions of Title VII of the Civil Rights Act of 1964.

46. Defendant was aware of, or should have been aware of, Title VII and that it is illegal to treat an employee differently on the basis of race or sex.

47. During Plaintiff's employment with Defendant, she was subjected to disparate treatment on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1964.

48. Defendant's actions and inactions and failure to present disparate treatment on the basis of race and sex were will, intentional, and/or made in reckless disregard for Plaintiff's rights.

49. Defendant's conduct constitutes a willful violation of Title VII.

50. As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered and continues to suffer damages.

## COUNT V
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF !(^$
*(Harassment)*

51. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

52. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the definitions of Title VII of the Civil Rights Act of 1964.

53. Defendant was aware of, or should have been aware of, Title VII and that it is illegal to subject an employee or allow an employee to be subjected to harassment on the basis of race or sex.

54. During Plaintiff's employment with Defendant, she was subjected to harassment on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1964.

9

55. Defendant's actions and inactions and failure to present harassment on the basis of race and sex were will, intentional, and/or made in reckless disregard for Plaintiff's rights.

56. Defendant's conduct constitutes a willful violation of Title VII.

57. As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered and continues to suffer damages.

## COUNT V
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF !(^$
*(Harassment)*

58. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

59. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer" within the definitions of Title VII of the Civil Rights Act of 1964.

60. Defendant was aware of, or should have been aware of, Title VII and that it is illegal to retaliate against an employee for having engaged in protected activity.

61. Plaintiff engaged in protected activity by making a complaint of harassment and disparate treatment on the basis of race and sex.

62. Plaintiff was subjected to retaliation following her protected complaints of race and sex harassment and discrimination, up to and including the termination of her employment.

10

63. As a result of Defendant's illegal retaliation against Plaintiff, she has suffered and continues to suffer damages.

WHEREFORE Plaintiff respectfully requests this Honorable Court enter judgment on Plaintiff's claims in a sum that the Court finds to be fair and just, including attorney fees, costs, and exemplary damages.

Respectfully submitted,

**MARKO LAW, PLLC**

 */s/ Caitlin E. Malhiot*
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
313-777-7529/F: 313-777-5785
Email: cait@markolaw.com

Dated: October 10, 2022

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys, **MARKO LAW, PLLC**, hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

**MARKO LAW, PLLC**

 */s/ Caitlin E. Malhiot*
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
313-777-7529/F: 313-777-5785
Email: cait@markolaw.com

Dated: October 10, 2022